UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ARTAVEUS DAWSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:23-CV-00306-JRG-JEM |
| CITY OF KNOXVILLE, KNOXVILLE POLICE DEPARTMENT, and POLICE STAFF, DETECTIVE, AND INVESTIGATORS,[1] | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate of the Anderson County Detention Facility, has filed a pro se complaint for violation of 42 U.S.C. § 1983 asserting claims arising out of a shooting incident in Knoxville, Tennessee [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

**I.   FILING FEE**

It appears from Plaintiff's motion for leave to *proceed in forma pauperis* that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, that motion [*Id.*] is **GRANTED**.

Plaintiff is **ASSESSED** the $350.00 civil filing fee. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, United States District Court, 800 Market

---

[1] The Court's docket does not currently list all Defendants Plaintiff has named in his complaint [Doc. 1 at 3]. Accordingly, the Clerk is **DIRECTED** to update the Court's docket in accordance with the style of the case on this memorandum and order.

Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six months before the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until Plaintiff has paid the full filing fee of three hundred fifty dollars ($350.00), as authorized under 28 U.S.C. § 1914(a), to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to both the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs [PLRA screening] dismissals for failure state a claim . . . because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Allegations

On November 29, 2021, Plaintiff was traveling in Knoxville when someone shot his car multiple times [Doc. 1 at 3–4]. Plaintiff received four gunshot wounds that caused him severe injuries, and an ambulance took him to the hospital [*Id.*]. According to Plaintiff, the hospital is requesting payment for this medical care, and he therefore files this lawsuit "for innocent victims compensation" and because Defendant City of Knoxville Police Department has not arrested anyone for the shooting, even though Plaintiff has repeatedly called them and told an officer where the shots came from, and the officer said "the[y] knew exactly who did it" [*Id.* at 4]. Plaintiff has sued the City of Knoxville, the Knoxville Police Department, and "police staff, detectiv[]e[,] and investigators" [*Id.* at 2]. As relief, Plaintiff requests that "[j]ustice . . . be served in the case and for all wrongs [to] be made right" [*Id.* at 5].

### C. Analysis

First, Plaintiff has not alleged that any Defendant caused his injuries. Rather, Plaintiff requests that Defendants (1) pay for his medical bills that resulted from someone else shooting him

and (2) prosecute the person that shot him. However, Plaintiff's request for compensation for his medical bills from Defendants fails to state a claim upon which relief may be granted under § 1983, as the Court is unaware of any federal law or constitutional provision requiring that municipalities or law enforcement departments or personnel pay the medical bills of citizens injured by other citizens, and Plaintiff cites no such provision. Also, this Court is not the vehicle through which Plaintiff may receive payment from the Tennessee's Criminal Injuries Compensation Fund. https://treasury.tn.gov/Services/Claims-and-Risk-Management/Criminal-Injuries-Compensation. Moreover, Plaintiff's claim that Defendants have failed to prosecute the individual that shot him likewise fails to state a claim upon which relief may be granted under § 1983, as Plaintiff does not have a cognizable legal interest in such a prosecution. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996) (noting the absence of law allowing a § 1983 action to force the state to prosecute).

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983, and it will be **DISMISSED**.

III. **CONCLUSION**

For the reasons set forth above:

1. The Clerk is **DIRECTED** to update the Court's docket to name all Defendants listed in the style of the case on this memorandum and order:

2. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

3. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

4. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

5. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to both the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

6. Even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

7. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

8. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
